**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS REMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 11-cv-2405 |
| | ) | |
| VILLAGE OF DOLTON, et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Curtis Rempson filed a two-count complaint [1] against Defendants Village of Dolton, Board of Police Commissioners, Gail Towers, Ronnie Lewis, James T. Jefferson, Garry Lambert, Willie L. Lowe, Samalla H. McClellan, and Eva M. Nicholas (collectively, "Defendants") alleging a violation of his due process rights under 42 U.S.C. § 1983 (Count I), and defamation (Count II). Defendant Village of Dolton filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). [25]. For the reasons stated below, Defendant's motion [25] is granted.[1]

**I.    Background**[2]

In January, 2005, Plaintiff Rempson became a police officer in Dolton, Illinois. Prior to that time, he had passed all of the requisite examinations for the position. On March 28, 2008, Plaintiff was promoted to the commissioned rank of sergeant of the Dolton Police Department. Prior to that date, Plaintiff had passed a written and oral promotion examination held by

---

[1] Among the other Defendants, only Defendant Board of Police Commissioners has appeared and filed a responsive pleading – an answer [21].

[2] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

Defendant for the position of sergeant. Accordingly to Plaintiff, at all relevant times he complied with all regulations and performed all duties as a sergeant of the Dolton Police.

On August 11, 2010 Plaintiff was notified by Defendant Ronnie Lewis, Mayor of the Village of Dolton, that his promotion to sergeant was nullified and that he was to be reclassified as a Dolton police officer, effective August 14, 2010. When Plaintiff was demoted from sergeant to officer, his pay was reduced. Defendants did not give notice of any charges against Plaintiff and did not grant him a hearing before the Village of Dolton board of Fire and Police Commissioners prior to demoting him from sergeant to officer.

Plaintiff then filed the instant complaint alleging (1) that when Defendants demoted him from sergeant to officer without giving him notice of the charges or granting him a hearing, Defendants violated his due process rights pursuant to 42 U.S.C. § 1983 and (2) a claim of defamation.[3]

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d

---

[3] Although Plaintiff's complaint references only a due process claim and a defamation claim, in his response to Defendant's motion to dismiss Plaintiff also appears to assert a *Monell* claim. This is problematic in several respects. First, it is well established that Plaintiff cannot amend his complaint through his brief. *Guaranty Residential Lending, Inc. v. International Mortg. Center, Inc*. 305 F. Supp. 2d 846, 852 (N.D. Ill. 2004) (citing *Kennedy v. Venrock Associates*, 348 F.3d 584, 593 (7th Cir. 2003)). Second, in order to state a *Monell* claim, a plaintiff must allege that: (1) the defendant had an express policy that caused a constitutional deprivation when enforced; (2) the defendant had a widespread practice that was so permanent and well-settled as to constitute a custom or usage with the force of law; and (3) the constitutional injury was caused by an official who had "final policymaking authority." *McCormick v. City of Chicago,* 230 F.3d 319, 323–24 (7th Cir.2000). Here, Plaintiff has failed to plead that there is a policy or widespread practice, and the Court does not see how he could allege the existence of a policy given the other facts that Plaintiff has pled. Finally, in the absence of a viable due process claim, any possible *Monell* claim that Plaintiff may wish to assert also would fail. See *Houskins v. Shehan*, 548 F.3d 480, 493 (7th Cir. 2008) (where plaintiff fails to establish deprivation of a constitutional right, *Monell* claims must also fail). For all of these reasons, the Court advises that (1) there is no currently pending *Monell* claim in this case and (2) any *Monell* claim Plaintiff may wish to raise in an amended complaint will be viable only if Plaintiff is able to successfully navigate the issues raised above.

1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### III. Analysis

#### A. Procedural Due Process

In Count I, Plaintiff asserts a § 1983 claim for violation of his procedural due process rights.[4] Plaintiff contends that he had a constitutionally-protected property and/or liberty interest in his continued employment in the position of sergeant of police. He further maintains that he

---

[4] In order to state a claim under § 1983, Plaintiff must allege that the Defendants were acting under color of state law when they deprived him of a constitutional right. See *Estate of Sims ex rel Sims v. County of Bureau,* 506 F.3d 509, 514 (7th Cir. 2007) (citing *Christensen v. County of Boone, Illinois,* 483 F.3d 454, 457 (7th Cir. 2007)). "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced." *Bublitz v. Cottey,* 327 F.3d 485, 488 (7th Cir. 2003) (citing *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997)). To allege a § 1983 violation, Plaintiff must do more then make a general allegation that his constitutional rights were violated; he must allege a deprivation of a specific constitutional right. See *Trautvetter v. Quick,* 916 F.2d 1140, 1148 (7th Cir. 1990) (citing *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 379 (7th Cir. 1988)).

was deprived of due process of law prior to the deprivation of his property and/or liberty interest. As set forth below, even read charitably, Plaintiff's complaint fails.

The Fourteenth Amendment imposes constraints on government actions which deprive an individual of "liberty" or "property" interests within the meaning of the Due Process Clause. See *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). To assert a violation of the Due Process Clause, Plaintiff must be able to show that he had a "property interest" and that he was deprived of this interest without due process of law. See *Phelan v. City of Chicago,* 347 F.3d 679, 681 (7th Cir. 2003) (citing *Bishop v. Wood,* 426 U.S. 341, 343 (1976)). Specifically, Plaintiff's due process claims turn upon whether he had a property right in his position as sergeant of police.

To demonstrate that he was deprived of a protected interest, Plaintiff "must first establish that he had a property interest * * * of the sort that the Constitution protects." *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996). Property interests are not created by the United States Constitution; "[r]ather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Moore v. Muncie Police and Fire Merit Com'n*, 312 F.3d 322, 326 (7th Cir. 2002) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). For example, in the context of fired public employee bringing a procedural due process claim against his employers, the Seventh Circuit recently stated that "[a] property interest in continued employment 'can be created in one of two ways, (1) by an independent source such as state law securing certain benefits; or (2) by a clearly implied promise of continued employment.'" *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010) (citing *Phelan*, 347 F.3d at 681). To support a due process claim in the context of public employment, the Seventh Circuit held that the plaintiff must have an "entitlement to

4

continued employment," such as a collective-bargaining agreement. *Palka*, 623 F.3d at 452 (citing *Lee v. County of Cook*, 862 F.2d 139, 141 (7th Cir. 1988); *Krieg v. Seybold*, 481 F.3d 512, 519-20 (7th Cir. 2007)). Plaintiff bears the burden of proving that he had a property interest in his employment as police sergeant. See *Krieg v. Seybold,* 481 F.3d 512, 520 (7th Cir. 2007) (holding plaintiff bears the burden of showing that he had a property interest in his job arising out of a state statute, state or municipal regulations, or a contract with a public entity).

While the Court accepts all well-pleaded facts in the complaint as true, the Court need not accept as true conclusory statements of law or unsupported conclusions of fact. See *Snodderly v. R. U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 896 (7th Cir. 2001). Simply claiming a property right in one's job without facts to support the naked conclusion is not enough to sufficiently plead a property interest. See *Lee v. County of Cook,* 862 F.2d 139, 141-42 (7th Cir. 1988) (holding that to assert a property interest a plaintiff must allege enough facts to show that she "has a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause").

Here, Plaintiff contends that he has a protected property interest in his "continuing employment" as sergeant and cites 65 ILCS 5/10-2.1-17 in support.[5] But 65 ILCS 5/1—2.1-17 states that no police employee "shall be *removed* or *discharged* except for cause, upon written charges, and after an opportunity to be heard in his own defense." (Emphasis added.) As Defendant notes, 65 ILCS 5/1—2.1-17 "applies only to the removal, discharge or suspension of a police officer. It does not even require a pre-deprivation hearing prior to the imposition of departmental disciplinary sanctions *or even a demotion*." *Altman v. Hurst*, 734 F.2d 1240, 1242

---

[5] Plaintiff's complaint references only the Illinois Personnel Code 20 ILCS 415/8b.16, which does not apply to Plaintiff. Plaintiff then cites to 65 ILCS 5/1—2.1-17 in his response brief. Although Plaintiff filed to cite 65 ILCS 5/1—2.1-17 in his complaint, the Court will address 65 ILCS 5/1—2.1-17 in this decision, as it is the relevant statute.

(7th Cir. 1984) (emphasis added). Thus, even if Plaintiff did have a property interest in his position as a sergeant, the statute requiring a process prior to removal or discharge does not apply.[6]

In addition, the Seventh Circuit has held that a particular position or rank is not an occupation and thus does not amount to a property interest:

> To be a policeman is to follow a particular calling, and to be excluded from that calling is an infringement of liberty of occupation. But a particular rank in the police force is not an occupation, just as the army is not a series of separate occupations . . . and just as the private practice of law is not composed of two occupations—partner and associate . . . [R]anks within an occupation—head nurse versus rank-and-file nurse, for example— are not "occupations" themselves . . . .

*Bigby v. City of Chicago*, 766 F.2d 1053, 1056 (7th Cir. 1985); see also *United States v. City of Chicago,* 869 F.2d 1033, 1036 (7th Cir. 1989); *Brooks v. City of Chicago*, 2012 WL 13570, at *6 n. 5 (N.D. Ill. Jan. 4, 2012).

In sum, because a property interest is required to state a due process claim and Plaintiff has failed to allege facts that give rise to a property interest, Plaintiff has failed to state a claim for deprivation of due process under Section 1983 and the Fourteenth Amendment. See, *e.g., Lee,* 862 F.2d at 141-42 (affirming dismissal of state employee's third amended complaint where plaintiff did not allege facts showing a property interest in her job); *Smith v. Bd. of Educ. of Urbana School Dist.,* 708 F.2d 258, 264-65 (7th Cir. 1983) (affirming dismissal for failure to state a claim where plaintiff's complaint did not allege facts from which a property interest in employment could be inferred).

Although it appears unlikely that Plaintiff could cure the deficiencies identified above in an amended pleading, in an abundance of caution, the Court will allow Plaintiff 21 days to

---

[6] Plaintiff does not reference, either in his complaint or his briefs, any other conceivable source of his claimed entitlement – *i.e.*, a state or municipal regulation or a collective bargaining agreement.

replead Count I against Defendant City of Dolton if Plaintiff believes that he can amend his complaint to state a viable federal claim. The Court notes that the federal claims against other Defendants remain pending. The Court is hard pressed to see how the absence of a protectable property interest in a particular position or rank would not doom Plaintiff's federal due process claim across the board as to all Defendants, but it is the responsibility of each Defendant to seek dismissal – or, at this stage of the case, summary judgment – as to that claim if each Defendant so desires. However, because it may be the case that all of Plaintiff's federal claims will be dismissed prior to trial, the Court will defer consideration of Plaintiff's state law defamation claim at this time in the interests of comity and judicial economy and efficiency. See *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"); see also *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts"). If and when it becomes apparent that a federal claim can survive as to one or more of the Defendants, the Court will reinstate Defendant's motion to dismiss Count II, and decide the issue on the current briefs.

**IV. Conclusion**

For the reasons stated above, Defendant's motion for dismiss [25] is granted as to Plaintiff's federal claim (Count I). Plaintiff is given 21 days to replead as to Count I if he believes that he can cure the defects identified above. As further explained above, Defendant's motion to dismiss Plaintiff's state law defamation claim (Count II) is denied without prejudice,

as the Court will defer consideration of that claim until it is clear that Plaintiff's federal claim will not be dismissed prior to trial.

Dated: August 23, 2012

_____
Robert M. Dow, Jr.
United States District Judge